UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-21951-CV-DIMITROULEAS**

CHRISTINO ANTONIO LINARES RIVERA,

     Petitioner,

v.

WARDEN, *et al.*,

     Respondents.

_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner Christino Antonio Linares Rivera ("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [DE 1], filed March 24, 2026. The Government has argued that the Petition must be denied because, *inter alia*, Petitioner is lawfully detained under 8 U.S.C. § 1231. [DE 7 at 11]. The Court has considered the Petition, the Respondents' March 30, 2026, Response [DE 7], notes that no Reply was filed by Petitioner[1], and is otherwise fully advised in the premises.

Petitioner moves for habeas relief and argues that his detention is unlawful, citing *Zadvydas* from the Supreme Court.  [DE 1 ¶ 13].  But Petitioner challenges a post-removal detention order, which calls for a specific period of detention before seeking relief under established principles of this Circuit.  For the reasons stated, Petitioner's request is premature and must be dismissed.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal

---

[1] The Court's March 25, 2026 Order Requiring Expedited Response from Respondents permitted Petitioner to file a reply on or before April 3, 2026.  [DE 5].

period." *Id*. Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas v. Davis,* 533 U.S. 678, 699–701 (2001). But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.*

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."))

Here, Petitioner was ordered removed in August 2000, so this challenge is governed by *Zadvydas*. [*See* DE 7-2 ¶ 34]. However, Petitioner was detained beginning on October 29, 2026, [DE 1 ¶ 11(a)], and the instant Petition was filed on March 24, 2026. As such, his detention falls short of the time required to receive the benefit of the *Zadvydas* presumption of unreasonableness. Petitioner's request is premature. *See Flores-Reyes*, 2026 WL 406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus [DE 1] is **DISMISSED** as premature.

2.  The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

10th day of April 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Cristino Antonio Linares Rivera, *Pro Se*
A# 025416722
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov